UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| TRINA WILLIAMS, | No. 2:24-cv-01203 WBS SCR |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| UNITED PARCEL SERVICE, INC.; ANDREW KERN, | |
| Defendants. | |

----oo0oo----

In light of plaintiff's attorney's untimely pleading (Docket No. 17), filed yesterday afternoon, the hearing previously set for January 6, 2025 is VACATED, and counsel's motion to withdraw (Docket No. 15) is DENIED without prejudice to its being refiled and noticed for hearing on a date that does not conflict with counsel's personal or cultural obligations.

Counsel's Motion to Withdraw was originally filed on November 20, 2024, without noticing a date for hearing. (Docket No. 13). The court subsequently set it for hearing on January 6, 2025, as the next available law and motion date. (Docket No. 14). Counsel did not complain about this date, and the court was unaware it was Armenian Christmas or that it would present a

1

problem for counsel.  Instead, counsel waited more than six weeks, until less than three court days before the hearing before informing the court of the conflict.

The court cannot grant counsel's request to appear at the hearing by phone. The motion states that there are "substantial differences" relating to "fundamental issues", without any elaboration as to what those differences or issues may be.  The court requires a personal appearance by plaintiff and her attorney in order to properly explore with them the grounds for the motion.

The motion seeks not to substitute counsel but to allow plaintiff's attorney to withdraw from representation altogether. To grant the motion would leave plaintiff without any legal representation whatsoever.  Before doing that, the court needs to inquire into whether plaintiff is aware of the consequences of proceeding without counsel, including such things as whether she is able to retain new counsel or alternatively whether she is prepared to represent herself.  See Cal. Rules of Pro. Conduct R. 1.16(c) providing that "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client."

The court recognizes that travel from Los Angeles to Sacramento to attend the hearing may be costly.  However, it was plaintiff's attorney who made the decision to take a case venued in a different district than his office.  The probability that counsel may have to travel to the courthouse is a factor that any attorney should take into account when deciding to file an action

in that courthouse.  It should also be apparent that the cost of airfare between Los Angeles and Sacramento may be greater when one waits until the last minute to book a flight.

    IT IS SO ORDERED.

Dated: January 3, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE